IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00524-MSK

GREENWOOD COMMONS CONDOMINIUM ASSOCIATION, a Colorado Non-Profit Corporation,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY

    Defendant.

## ANSWER AND JURY DEMAND

Defendant Philadelphia Indemnity Insurance Company (PIIC), by and through its attorneys, Lambdin & Chaney, LLP, answers the allegations of the Plaintiff's Complaint and Jury Demand as follows:

### NATURE OF THE ACTION

1.    PIIC denies that it acted in bad faith and denies that it unreasonably delayed and/or denied the payment of covered benefits.  Any remaining allegations are denied.

### PARTIES

2.    Admitted based upon information and belief.

3.    Admitted based upon information and belief.

4.    Admitted that PIIC is a corporation domiciled in Pennsylvania with its principal place of business in Pennsylvania, and that it is authorized to do business in

Colorado.  Any remaining allegations are denied.

## JURISDICTION AND VENUE

5. Denied that the state court has subject matter jurisdiction as PIIC removed this action to this Court pursuant to 28 U.S.C. § 1332.

6. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, denied.

7. Denied that jurisdiction is proper in state court as PIIC removed this action to this Court.

8. Denied that venue is proper in state court as PIIC removed this action to this Court.

## FACTS COMMON TO ALL COUNTS

9. Admitted based upon information and belief.

10. Admitted that PIIC issued policy number PHPK1408368 to Greenwood Commons Condo Association, providing coverage according to its terms, limits, conditions, exclusions and provisions for premises located at 1545 Patton Cir., Boulder, CO 80303-1228.

11. Denied as the Limit of Insurance for Property at the Specified Premises is $1,083,338 for Buildings as stated on the UltimateCover Property Coverage Part Declarations.

12. Admitted.

13. This paragraph contains a legal conclusion to which no response is

required.  To the extent a response is required, denied as the policy provides coverage according to its terms, limits, conditions, exclusions and provisions.

14. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, denied as the policy provides coverage according to its terms, limits, conditions, exclusions and provisions.

15. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, denied as the policy provides coverage according to its terms, limits, conditions, exclusions and provisions.

16. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, denied as the policy provides coverage according to its terms, limits, conditions, exclusions and provisions.

17. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Colorado law dictates the obligations among the parties and denied that PIIC breached its legal obligations.

18. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, PIIC does not contend that Plaintiff failed to make payments or premiums due for the policy.  Any remaining allegations are denied.

19. This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, denied.

20. PIIC admits that a fire loss to Plaintiff's property was reported to PIIC on or about May 26, 2016, for an incident reportedly occurring on May 26, 2016.  Any remaining

allegations are denied.

21. Admitted that PIIC investigated and adjusted the claim under the terms of the policy. Any remaining allegations are denied.

22. PIIC admits that Plaintiff reported a claim for the fire loss to PIIC on or about the same day the loss occurred, which was May 26, 2016. Any remaining allegations are denied.

23. Denied.

24. Admitted that PIIC's assigned claim number was PHCO16050987306. Any remaining allegations are denied.

25. Admitted that PIIC employee Rick Lovejoy was assigned to the claim. Any remaining allegations are denied.

26. Admitted that PIIC retained an independent adjusting company Eberl Claims Service to assist with the claim. Eberl Claims Service assigned Robert Lawson. Any remaining allegations are denied.

27. Admitted that PIIC authorized Eberl Claims Service to retain Advanced Engineering Investigations Corporation (AEI) to assist with the claim. AEI assigned engineer Todd Hedglin. Any remaining allegations are denied.

28. Admitted Robert Lawson with Eberl Claims Service and/or Todd Hedglin with AEI conducted site inspections on various dates including May 27, 2016 and May 31, 2016. Any remaining allegations are denied.

29. Admitted that Todd Hedglin with AEI authored a report dated June 20,

2016, which stated *inter alia* that the fire was classified as accidental in nature. Any remaining allegations are denied.

      30. Denied.

      31. Denied.

      32. Denied.

      33. Denied.

      34. Denied.

      35. Denied.

      36. Denied for lack of information or belief.

      37. Denied.

      38. Denied.

      39. Denied.

      40. Denied.

      41. Denied.

      42. Denied.

      43. Denied.

      44. Denied.

      45. The referenced estimate attached as Exhibit B speaks for itself. All remaining allegations are denied.

      46. Denied.

      47. Denied.

48. Denied for lack of information or belief.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The referenced letter attached as Exhibit C speaks for itself. All remaining allegations are denied.

55. Admitted that Plaintiff filed a complaint with the Colorado Division of Insurance. All remaining allegations are denied.

56. Denied for lack of information or belief.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The referenced estimate attached as Exhibit D speaks for itself. All remaining allegations are denied.

63. Denied.

64. Denied.

65. Admitted that Philadelphia retained McLarens, who assigned Scott Markey,

Case No. 1:18-cv-00524-MSK-MEH   Document 15   filed 03/07/18   USDC Colorado   pg 7 of 15

- 7 -

and Unified Building Servieces to assist with the claim. All remaining allegations are denied.

      66.    The referenced estimate speaks for itself. All remaining allegations are denied.

      67.    Denied for lack of information or belief.

      68.    The referenced estimate speaks for itself. All remaining allegations are denied.

      69.    The referenced estimate speaks for itself. All remaining allegations are denied.

      70.    Denied.

      71.    Denied.

      72.    Denied.

      73.    Denied.

      74.    Denied.

      75.    Denied.

      76.    Denied.

      77.    Denied.

      78.    Denied.

      79.    Denied.

      80.    Denied.

      81.    Denied.

82. Denied.

83. Denied.

## FIRST CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract

84. Defendant incorporates its previous responses herein.

85. This paragraph states conclusions of law, not allegations of fact and therefore no response is required. To the extent a response is required, the only duties owed are those imposed by the contract and by Colorado law. Any remaining allegations are denied.

86. This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required. To the extent a response is required, the only duties owed are those imposed by the contract and by Colorado law. Any remaining allegations are denied.

87. PIIC admits only that it issued an insurance policy with the Plaintiff as the named insured, which terms, limits, conditions, exclusions and provisions of the policy speak for themselves. Any remaining allegations are denied.

88. PIIC admits only that it issued an insurance policy with the Plaintiff as the named insured, which terms, limits, conditions, exclusions and provisions of the policy speak for themselves. Any remaining allegations are denied.

89. This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required. To the extent a response is required, the only duties

owed are those imposed by the contract and by Colorado law.  Any remaining allegations are denied.

90.	This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required.  To the extent a response is required, the only duties owed are those imposed by the contract and by Colorado law.  Any remaining allegations are denied.

91.	Denied.

92.	Denied.

93.	Denied.

94.	Denied.

95.	Denied.

96.	Denied.

97.	Denied.

98.	Denied.

99.	Denied.

100.	Denied.

101.	Denied.

102.	Denied.

103.	Denied.

104.	Denied.

105.	Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

**SECOND CLAIM FOR RELIEF**
**(Unreasonable Delay and Denial of Payment of Covered Benefits**
**Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

116. Defendant incorporates its previous responses herein.

117. This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required. To the extent a response is required the referenced statute speaks for itself as to its terms and application. The only duties owed are those imposed by the contract and by Colorado law. Any remaining allegations are denied.

118. This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required. To the extent a response is required the referenced statute speaks for itself as to its terms and application. The only duties owed are those imposed by the contract and by Colorado law. Any remaining allegations are denied.

119. This paragraph states a conclusion of law, not an allegation of fact and therefore no response is required. To the extent a response is required the referenced statute speaks for itself as to its terms and application. The only duties owed are those imposed by the contract and by Colorado law. Any remaining allegations are denied.

120. PIIC admits that Plaintiff reported a claim for the fire loss that reportedly occurred on May 26, 2016, and that PIIC investigated and adjusted the claim under the terms of the policy. Any remaining allegations are denied.

121. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, denied as the policy provides coverage according to its terms, limits, conditions, exclusions and provisions.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## REQUEST FOR JURY TRIAL.

146. This paragraph does not contain a factual allegation to which a response is required.

Defendant denies that Plaintiff is entitled to the relief requested.

GENERAL DENIAL:  Any allegation not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim on which relief may be granted.

2. Plaintiff failed to reasonably mitigate its damages, if any.

3. Plaintiff's damages were caused by its own comparative negligence or fault, or the negligence or fault of others imputed to it, which negligence or fault bars or diminishes any recovery pursuant to C.R.S. 13-21-111.

4. Plaintiff's claims, if any, are the result of actions or inactions of a third person or persons over whom the Defendant had no control.

5. The Plaintiff's claims are barred or reduced to the extent of any payments from a collateral source.

6. Plaintiff's claims and damages, if any, are limited to applicable policy limits less any setoff to which the Defendant is entitled.

7. Plaintiff's claims may be barred, in whole or in part, by express terms, conditions, limitations, exclusions, and/or provisions in the subject insurance policy.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, acquiescence, release, ratification, unclean hands, prevention of performance, waiver and estoppel.

9. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to comply with conditions precedent and/or conditions subsequent, or for breaching policy provisions.

10. Plaintiff's claims are barred in whole or in part pursuant to Colorado Division of Insurance Regulation 5-1-14 and 3 CCR 702-5:5-1-14.

11. Plaintiff is not the real part in interest with regard to some of all of Plaintiff's claims.

12. Although Defendant has acted reasonably at all times and in accordance with the terms of the insurance policy, Plaintiff's claims may be barred in whole or in part by its unreasonable conduct, or the unreasonable conduct of others that can be imputed to it.

13. Plaintiff's claims are barred in whole or in part by the applicable statute of limitation and/or contractual time limitation.

Defendant reserves the right to amend its Answer to include additional defenses or to withdraw defenses as the may become known during the course of discovery in this matter.

WHEREFORE, Defendant respectfully requests this Court dismiss Plaintiff's complaint in its entirety and enter judgment in its favor, including an award of costs of suit and reasonable attorney fees incurred herein, and for such other relief as the Court may deem just and proper.

**DEFENDANT DEMANDS TRIAL TO A JURY OF TWELVE ON ALL TRIABLE ISSUES**

Dated this 7th day of March, 2018.

    Respectfully submitted,

By:   *s/ L. Kathleen Chaney*
      L. Kathleen Chaney
      LAMBDIN & CHANEY, LLP
      4949 S. Syracuse Street, Suite 600
      Denver, Colorado 80237
      Telephone: (303) 799-8889
      Facsimile: (303) 799-3700
      E-mail: kchaney@lclaw.net
      Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of March, 2018, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Jonathan E. Bukowski, Esq.: jbukowski@merlinlawgroup.com
Larry E. Bache, Jr., Esq.: lbache@merlinlawgroup.com

             By: *s/ L. Kathleen Chaney*
                L. Kathleen Chaney